# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VAZQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LONG BEACH, DAVID M. FARIS, MICHAEL G. HYNES, ROBERT KNIGHT, and DOES 1-10, inclusive.<br><br>    Defendants.<br><br>MIGUEL CONTRERAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LONG BEACH, Sgt. DAVID M. FARIS #5500. individually and as a peace officer, MICHAEL G. HYNES #6290 individually and as a peace officer, DOES 1-10, inclusive.<br><br>    Defendants. | Case No. CV 12-9923 PJW<br>    c/w CV 13-3227 PJW<br><br>[PROPOSED] PROTECTIVE ORDER |

////
////
////

1

**GOOD CAUSE STATEMENT FRCP 26(c)(1)**

It appearing that discovery requested by Plaintiffs from the files of the Long Beach Police Department in this matter is arguably protected by the individual police officer's right of privacy, the Parties nevertheless wish to cooperate with discovery while protecting the interests of the police officers names as defendants herein, the parties hereby stipulate to a Protective Order which shall apply to protected information released by the Long Beach Police Department to the Plaintiffs in this action.

1. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of defendant officers DAVID M. FARIS, MICHAEL G. HYNES, and ROBERT KNIGHT, including relevant Internal Affairs history of Defendants, personnel complaints and records of discipline.

2. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

3. Copies of the records shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.

4. Copies of the records may be used at the time of trial only if so ordered by the court. Additionally, reference to the content of any records, or the existence of any such record shall only be made after so ordered by the Court.

5. If necessary in the judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if the same may actively assist in the prosecution or defense of this case.

6.  Plaintiff's attorney may show or reveal contents of documents to their client, only in the event the documents describe or refer to incidents involving Plaintiff, and in no other instance.

7.  Any depositions, during which the contents of copies of the records are part of the testimony or copies of the records are attached as exhibits, shall be sealed as to any confidential portions.

8.  After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

9.  Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

10. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

11. This order may be signed in counterparts. A faxed signature shall serve with the same force and effect of an original signature.

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate

////
////
////

disposition of said copies while the judicial process is pending.

In the event, any document the parties have identified as protected by this stipulation and order are to be filed with the court, the offering party must adhere to Central District Local Rule 79-5 et. seq. Confidential Court Records.

Dated: October 1, 2013.   ROBERT E. SHANNON, City Attorney

By /s/ Howard D. Russell
HOWARD D. RUSSELL,
Deputy City Attorney
Attorneys for Defendants
CITY OF LONG BEACH, DAVID M. FARIS, MICHAEL G. HYNES, and ROBERT KNIGHT

Dated: October 1, 2013.   THE BECK LAW FIRM

By /s/ Thomas E. Beck
Thomas E. Beck, Esq.
Attorneys for Plaintiff
Miguel Contreras

Dated: October 1, 2013.   KAYE, McLANE & BEDNARSKI

By /s/ Caitlin S. Weisberg
Caitlin S. Weisberg
Attorneys for Plaintiff
Miguel Vazquez

IT IS SO ORDERED.

DATED: 10/2, 2013

Honorable Patrick J. Walsh
United State District Court Magistrate